# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARMANDO M. REYES,

 *Petitioner*,

vs.

UNITED STATES OF AMERICA,

 *Respondent*.

3:11-cv-00043-LRH-RAM

ORDER

  This *pro se* prisoner matter comes before the Court for initial review. Petitioner has filed a paper styled as a "Renewed Motion for Final Disposition on United States Marshal Detainer, Pursuant to Article III, Agreement on Detainers."

  Petitioner's papers are subject to multiple substantial defects.

  First, petitioner may not proceed against the sole respondent named, the United States of America. Federal sovereign immunity insulates the United States from suit in the absence of an express waiver of this immunity by Congress. *See, e.g., Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

  Second, the conclusory papers presented fail to state a claim upon which relief may be granted. Petitioner apparently is proceeding on the assumption that he merely needs to "renew" the motion that he filed in a prior action, No. 3:10-cv-00750-RCJ-RAM, that was dismissed without prejudice for lack of either a filing fee or pauper application. This assumption is incorrect. The prior action was dismissed. If petitioner commences a new action, he must file entirely new papers in the new action without relying on papers filed in a prior action. The present conclusory papers fail to state a claim for relief.

Third, petitioner must commence a civil action with a petition or complaint. He may not commence a civil action with a motion.

Fourth, petitioner has submitted a pauper application based upon a $5.00 filing fee. The Court is not persuaded, however, that a $5.00 filing fee applies to the present action. The order in No. 3:10-cv-00750 referred to the papers in the prior action as presenting a "petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254." The order further stated that petitioner "must either submit the $5.00 filing fee for habeas petitions" or a pauper application. However, a motion for disposition of a United States detainer clearly does not arise under § 2254, which is directed to custody under state process. Petitioner is seeking not release from custody but instead final disposition on a federal detainer, and petitioner otherwise has not invoked habeas jurisdiction in his papers. If anything, the matter would appear to sound more in the nature of a mandamus action than a habeas action. Petitioner, in all events, has not invoked habeas jurisdiction. *See also Castro v. United States*, 540 U.S. 375, 385-88, 124 S.Ct. 786, 793-95, 157 L.Ed.2d 778 (2003)(Scalia, J., concurring in part)(noting that courts should not recharacterize pleadings to override the *pro se* litigant's chosen procedural vehicle for his claim, given the potential unforeseen prejudice that can accrue to the litigant).

Under 28 U.S.C. § 1914(a), the filing fee for "any civil action, suit or proceeding . . . whether by original process, removal or otherwise," except for an application for a writ of habeas corpus, is $350.00. Petitioner did not file an application for a writ of habeas corpus in this Court; he filed a motion for final disposition of a federal detainer. The filing fee in this matter therefore is $350.00. Moreover, the payment of the $350.00 filing fee is subject to the requirements of the Prisoner Litigation Reform Act in 28 U.S.C. § 1915, including the requirement that petitioner pay the full $350.00 fee in installments even if he currently is not able to pay the entire fee.

The tendered pauper application, which is based instead upon a $5.00 filing fee, therefore would appear to be deficient.

Given the multiple defects presented, which are not limited to the pauper application, the action will be dismissed without prejudice.

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice to a properly commenced new action.

1   The Clerk of Court shall enter final judgment accordingly, dismissing this action without
2   prejudice.[1]
3   DATED this 24th day of January, 2011.

*Howard D McKibben* (signature)

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] The Court expresses no opinion at this juncture as to whether petitioner is proceeding in the proper federal court. If petitioner in fact is seeking an immediate disposition on an underlying federal charge, it would appear under the Interstate Agreement on Detainers that he must seek relief in the charging jurisdiction itself, following appropriate prior written notice to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction.